FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

2021 DEC 17 P 3: 48

| | |
|---|---|
| Reshawn Armstrong, *pro se*<br>1130 University Blvd. B9-620<br>Tuscaloosa, AL 35401<br>(205) 861-5979<br>Plaintiff<br><br>v.<br><br>US Attorney General, Head of the<br>Department of Justice Federal<br>Bureau of Prisons,<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br>(202) 514-2000<br>Defendant,<br><br>Department of Justice,<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br>(202) 514-2000<br>Defendant,<br><br>Federal Bureau of Prisons,<br>320 First Street NW<br>Washington, D.C. 20534<br>(202) 307-3198<br>Defendant,<br><br>United States of America<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br>(202) 514-2000<br><br><br>Defendant, | Civil Action No. 7:21-CV-1678-LSC |

1 of 16

## COMPLAINT

The Plaintiff, Ms. Reshawn Armstrong (pro se), and files this action against the above named Defendants for employment discrimination for retaliation/reprisal for her participation in protected activates and for whistle blowing, harassment, sexual harassment, hostile work environment, and also prohibition  personal practices.

Ms. Armstrong bring this action pursuant to 42 U.S.C. §§ 2000e to 2000e-17, Civil Rights Act of 1991, and 5 USC 2302.  Ms. Armstrong also invokes the Equitable Tolling, Continuing Doctrine Stigma-Plus Doctrine. Ms. Armstrong also states she <u>does not waive</u> her rights to any other law and/or doctrine she may be entitled to. This Court has jurisdiction pursuant to 28 USC 1331.

## INTRODUCTION

The Plaintiff, Ms. Reshawn Armstrong is a Senior Office Specialist who currently works for the Department of Justice Federal Bureau of Prisons. Ms Armstrong's has a bachelor degree in criminology and past work experience as a Correctional Officer and Law Enforcement Officer for the state of Florida. Ms. Armstrong started her career with the Federal Bureau of Prisons in 2007 as a Correctional Officer at FCC Coleman located in Sumter County,

Florida. In 2008, Ms. Armstrong successfully completed her one year probationary period and automatically received her grade increase from GS-6 to GS-7 with new titled as Senior Officer. In 2009, Ms. Armstrong transferred from FCC Coleman to FCI/FDC Tallahassee located in Leon County, Florida. During her time at both FCC Coleman and FCI/FDC Tallahassee Ms. Armstrong has always displayed professionalism with Staffs, Contractor, Visitors, and Inmates and her performance evaluations have been excellent and outstanding and has received numerous tokens and incentive awards for her work ethics.

In August 2012, Ms. Armstrong transferred from FCI/FDC Tallahassee to FCI Aliceville located in Pickens County, Alabama, which is currently her assigned duty station. Ms. Armstrong transferred to FCI Aliceville to help with the activation of new Institution in preparation of incoming Inmates and training of new Officers. In October of 2012, Ms. Armstrong was promoted from Senior Officer GS-7 to Senior Officer Specialist GS-8. In 2013, FCI Aliceville started receiving Inmates in which Ms. Armstrong worked various posts at FCI Aliceville. At the end of 2014, Ms. Armstrong bided for the rear gate post since the rear gate area was one of the few posts at FCI Aliceville she had not worked and wanted to gain experience working at another crucial post.

In addition to being BPT certified Ms. Armstrong was also certified in Central Inmate Monitoring (CIMS), National Crime Information Center and National Law Enforcement Telecommunications (NCIC/NLETS), Inmate Discipline Certification (IDC), and Case Management. Ms. Armstrong had also served on FCI Aliceville Disturbance Control Team (DCT) as well.

On November 3, 2017, Ms. Armstrong filed civil action 7:17-cv-01857-LSC for employment discrimination. On April 29, 2019 Ms. Armstrong amended her compliant to remove claims 38-66 (without prejudice) due to the Defendant's Counsel had stated to this Court that claims were alleging before the EEOC (BOP-2017-0163) and the use of intimidation from District Court Judge; despite the fact Ms. Armstrong filed notices as instructed she intends to pursue all claims stated in compliant, and also the fact EEOC and Agency's Representative stated all claims in compliant had been exhausted and met the 180 days requirement. On September 28, 2021 the EEOC's Office of Federal Operations entered it final decision and closed case BOP-2017-0163.

Ms. Armstrong states the following facts:

## STATEMENT OF FACTS

1. On January 7, 2016 and January 8, 2016 Ms. Armstrong again sent Warden Washington-Adduci, Associate Warden Donald Zielenski

(male), Human Resource Manager Tisdale-Freeman, and Captain
Johnson an email, memorandum, and BP-A1062 form and requested
ten hours of official time to prepare for EEO Investigator which
request was ignored.

2.   On January 19, 2016 Ms. Armstrong contacted Charles Davis (male)
who was the Southeast Regional Facilities Administrator concerning
the constant harassment/hostile work environment by HVAC Rusty
Adams and Facilities Department at FCI Aliceville. Ms. Armstrong
informed Mr. Davis that Mr. Adams was lowering the temperature at
her assigned work area and that she had informed FCI Aliceville
Management and that Management was ignoring her report of
harassment. Mr. Davis told Ms. Armstrong to file a grievance and did
nothing to cease harassment/hostile work environment.

3.   On February 3, 2016 Tommy Simmons (male) who was a Lieutenant
at FCI Aliceville called control center via radio from the Lt's Office
after Ms. Armstrong refuse to notify control center to open inner
vehicle gate to let out two unescorted vehicles due to security and
safety procedures (all vehicles must be escorted in and out the
institution) which jeopardized Ms. Armstrong safety.

4.    Ms. Armstrong informed Associate Warden Zielenski of incident
(February 3, 2016) whereas Lt. Simmons disregarded safety
procedures which jeopardized Ms. Armstrong's safety at a federal
prison (FCI Aliceville). Not only did Lt. Simmons jeopardize Ms.
Armstrong safety but he also jeopardized the safety of the Public. As
usually Ms. Armstrong reported incident was ignored.

5.   On February 4, 2016 Demetrius Heatrice (male) and Rayon Willis
(male) intentionally violated the rear gate procedures as continued
harassment toward Ms. Armstrong. Ms. Armstrong reported violations
to Captain Troy Gentry (who became the full time Captain after
Captain Johnson resigned) which reported violations were ignored.

6.   On February 8, 2016 Agency's Management listed Ms. Armstrong as
AWOL instead of sick leave when she called out due to illness. (Ms.
Armstrong does not know which Agency's Officials stated AWOL
due to Agency refusal to state name of Official and/or provide
documentation).

7.  On February 22, 2016 Lt. Hebb (male) who was a Lieutenant at FCI
    Aliceville called Ms. Armstrong and harassed her via voicemail for
    not being at work knowing Ms. Armstrong was scheduled to be off
    that day. Ms Armstrong returned Lt. Hebb call and informed that she
    was scheduled to be off, yet Lt. Hebb told Ms. Armstrong she could
    either come in on her scheduled day off or use eight hours of annual
    leave to make up time. Ms. Armstrong reported incident to Warden
    Arcola Washington Adduci and Captain Troy Gentry which as usually
    nothing was done.

8.  On February 23, 2016 Ms. Armstrong submitted a memo to Warden
    Washington-Adduci through Captain Gentry concerning Rusty Adams
    who continued to repeatedly turn the A/C temperature down when it
    was cold outside and up when it hot outside. There were even days
    when HVAC Unit would be turned off completely. Again Ms.
    Armstrong report of harassment/hostile work environment was
    ignored.

9.  On March 9, 2016 Captain Troy Gentry was sent an email in regards
    to a threat assessment being conducted concerning Ms. Armstrong
    claims of harassment at the rear gate which email was ignored.

10. On March 11, 2016 Ms. Armstrong sent Agency's Officials (Warden,
    AW, Captain, HRM, OIA Department) an email which informed them
    due to their failure to address the constant hostile work environment at
    her assigned port (rear gate) she had no choice but to work another
    post (Mobile) for her safety. Ms. Armstrong included (cc) Agency's
    Office of Internal Affairs in email.  Email was ignored by both
    Agency' Management at FCI Aliceville and Agency's Office of
    Internal Affairs.

11. On March 14, 2016 Ms. Armstrong mailed a certified letter to
    Agency's Office of Internal Affairs to again report harassment and
    hostile work environment she was being subjected to at FCI Aliceville
    which again was ignored.

12. On March 18, 2016 Ms. Armstrong sent Management an email
    requesting official time to conduct interview with EEO Investigator
    on March 22, 2016 which was ignored by Management.

13. On March 21, 2016 due to Ms. Armstrong request for official time being ignored, the EEO Investigator sent Ms. Kyle Freeman (HRM) an email to inform her he would like to conduct interview with Ms. Armstrong on March 22, 2016.

14. On March 22, 2016 Ms. Armstrong was informed she was approved for official time to speak with EEO Investigator the day of the interview and a few hours before interview was to start. Also Ms. Armstrong was placed in the Compound Office located in the Lieutenant building (non-private area) to conduct interview.

15. On May 26, 2016 Dwight Cash (male) a Lieutenant at FCI Aliceville informed Ms. Armstrong she was next to be mandated to work an additional eight hours. Ms. Armstrong informed Lt. Cash she was just mandated on May 20, 2016. Lt Cash told Ms. Armstrong based on the mandate list she last mandated back in March. Ms. Armstrong again told Lt. Cash that her last mandate was May 20th which could have easily been verified. Lt. Cash insisted Ms. Armstrong be mandated due to him wanting a female to work SHU-1. Ms. Armstrong then informed Lt. Cash she was not feeling well and was trying to make it through her assigned shift and did not feel well enough to work an additional eight (8) hours/sixteen (16) hours straight. Lt. Cash inputted Ms. Armstrong as refused on the mandate list after being informed mandate list was incorrect and that Ms. Armstrong was not feeling well.

16. Also on May 26, 2016 Lt. Cash inputted Ms. Armstrong into the overtime roster program for a day she did not sign up for in order for her name to drop to the bottom of list which caused Ms. Armstrong not to be contacted for available overtime. Ms. Armstrong reported incidents to Agency's Official (Warden Arcola Washington-Adduci) which too was ignored.

17. On May 27, 2016 Ms. Armstrong was harassed again by Lt. Cash concerning the mandate list after being informed the day before (May 26) that the mandate list was incorrect. Also this was Ms. Armstrong's Friday which staffs cannot be mandated on their last day of the work week. Lt. Cash knew this due to him bypassing a male staff on mandate list which Lt. Cash indicated it was "staff member Friday",

yet his listed Ms. Armstrong as refused. Ms. Armstrong reported incident to Agency's Official (Warden Arcola Washington-Adduci) which was again ignored.

18. On June 10, 2016 Ms. Armstrong had a meeting with Captain Chandra Nelson (became Captain at FCI Aliceville in June 2016). The meeting was scheduled for 3:30 p.m. which was 30 minutes before Ms. Armstrong assigned shift was to start. In this meeting Ms Armstrong explained she was being harassed and treated unfairly by Lt. Cash. Ms. Armstrong also informed Captain Nelson of the overall hostile work environment she's being subject to at FCI Aliceville. Captain Nelson told Ms. Armstrong their nothing she could do about the harassment of Lieutenants or hostile work environment and further stated not to report harassment to her but instead to the SIS department…and therefore ignored Ms. Armstrong report of hostile work environment. Also Ms. Armstrong was not paid for her attendance at this meeting.

19. On June 11, 2016 after working sixteen (16) hours straight Ms. Armstrong was told she could not leave. Ms. Armstrong had to work an additional 30 minutes pass sixteen hours and also was not paid for those additional 30 minutes worked. Ms. Armstrong informed Captain Nelson she had not been paid for additional time worked which again Ms. Armstrong was ignored.

20. On June 12, 2016 Ms. Armstrong mailed a certified letter to Department of Justice Office of Inspector General (Investigation Division) to report hostile work environment she's being subject to at FCI Aliceville which again nothing was done to cease and desist unlawful behavior.

21. One June 15, 2016 Lt. Cash again inputted Ms. Armstrong into the overtime roster program for a day she did not sign up for in order for her name to drop to the bottom of the list. Ms. Armstrong again reported incident to Warden Arcola Washington-Adduci and Captain Chandra Nelson and again as usual reports of harassment was ignored.

22. On June 18, 2016 Ms. Armstrong notified Management though a memo that once again Lt. Cash inputted her into the overtime roster program for a day she did not sign up for in order to drop her name to the bottom of the list which again memo was ignored.

23. On June 27, 2016 Ms. Armstrong was told she had to sign another yearly evaluation rated by Tracey Black (male) who was a Lieutenant at FCI Aliceville. This was done to exclude Ms. Armstrong from settlement between Management and Union concerning untimely evaluation which Ms. Armstrong should have been included due to her evaluation also was untimely.

24. On June 30, 2016 Ms. Armstrong informed Captain Nelson of 45 minutes of unauthorized sick leave remove from her balance and also she still has not been paid for overtime worked on June 11, 2016 which again was intentionally ignored.

25. On July 11, 2016 Ms. Armstrong was finally approved for her first official time to work on her EEO Compliant after requesting official time since January 7, 2016. Also official time was approved after Ms. Armstrong had already been interviewed by EEO Investigator.

26. From July 11 though July 26, 2016 while on official time at FPC Aliceville (Camp) in preparation for Initial Schedule Conference with Administrative Judge … the A/C temperature was turn up and/or off at times in the building where Ms. Armstrong was working on her protected activity.

27. On July 26, 2016 Ms. Armstrong was not provided with a location and equipment to conduct phone conference with the AJ. Scheduled phone conference had to be interrupted and delayed in order to find location with equipment to conduct meeting appropriately.

28. From July 26, 2016 dating back to July 11, 2016 Agency's Official notated "EEO" on Ms. Armstrong daily assignments roster instead on "Official Time" to inform non need-to-know staffs of Ms. Armstrong's protected activities.

29. On August 2, 2016 Agency's Management again skipped/bypassed Ms. Armstrong for available morning watch overtime (Ms. Armstrong does not know which Agency Official skipped/bypassed her due to Agency refusal to state name of Official and/or provide documentation).

30. On August 12, 2016 Ms. Armstrong sent Captain Chandra Nelson an email (after she received an email from Lt. Simmons which informed he would be her rater) and requested that Lt. Simmons not be her rater do to past incidents and felt uncomfortable with Lt. Simmons as her rater and as usual like the others this email too was ignored.

31. On August 17 and 18 of 2016, "EEO" was again notated on Ms. Armstrong daily roster assignment to inform non need-to-know staffs of Ms. Armstrong's protected activities (Ms. Armstrong does not know which Agency's Officials notated EEO due to Agency refusal to state names of Official and/or provide documentation).

32. On August 23, 2016 Lt. Hebb notified Ms. Armstrong via radio for morning watch overtime "Mobile 3" which Ms. Armstrong accepted. When Ms. Armstrong reported to Mobile 3 to begin her shift there was another staff member working that post. Ms. Armstrong contacted Lt. Hebb regarding Mobile 3 overtime in which Lt. Hebb stated he said "Bravo 3" not Mobile 3. When Ms. Armstrong reported to B3 Housing Unit the A/C was on. When Ms Armstrong started her count of inmates she heard the A/C turned off. After an hour or so had passed and A/C was still off Ms. Armstrong began to feel sick and nausea and had to leave. Lt. Hebb stated Mobile 3 instead of B3 knowing Ms. Armstrong most likely would not accept B3 in order to get Ms. Armstrong inside the institution to further harass Ms. Armstrong.

33. On September 27, 2016 Ms. Armstrong was told by Lt. Tracey Black to move her car from a staff parking area near the rear gate. Ms. Armstrong has been parking in this staff parking area for over a year which Management has known. Only after when Ms. Armstrong informed Captain Nelson Lieutenants were signing a damaged log book that should be closed out to prevent further damaged was she told to move her car.

34. In October of 2016 Ms. Armstrong was told once again she had to move her car from another staff parking area and was told she was only allowed to park in the staff/visitors parking lot. Yet other staffs were being allowed to park in any parking area they choose. Which at the time of this notice [January 31, 2020] Staffs are still-parking in the same parking areas Ms. Armstrong was told she could not park.

35. On October 26, 2016 Ms. Armstrong had a meeting with Captain Nelson at 3:30 pm to again report the continuous unfair treatment, harassment, and hostile work environment she being subject to at FCI Aliceville which again nothing was done to cease behavior. Also Ms. Armstrong was not paid for her attendance at this meeting.

36. On November 30, 2016 Ms. Armstrong was again skipped/bypassed for available overtime. (Ms. Armstrong does not know which Agency Official skipped/bypassed her due to Agency refusal to state name of Official and/or provides documentation).

37. From December 31, 2016 dating back to January 1st 2016 Agency's Official (Warden Arcola Washington-Adduci, HRM Kylie Tisdale, Captain Johnson, Acting Captain Troy Gentry T&A clerk Malcolm) denied Ms. Armstrong to review and sign her time and attendance files.

38. On January 4, 2017 Ms. Armstrong received an Overpayment Notice from Human Resource Manager Ms. Kylie Tisdale which stated Ms. Armstrong owed 51.36 for salary overpayment. This was done after Ms. Armstrong requested an audit of her Time and Attendance due to Ms. Armstrong not being paid for all her time at work and the refusal to allow Ms. Armstrong to review and sign her time and attendance files as required.

39. In January of 2017 Ms. Armstrong eventually found out overpayment was due to T&A Clerk Mr. Malcolm Barge inputted (falsified) Ms. Armstrong time sheet for an additional 2 hours despite Ms. Armstrong daily assignment stating the correct time of hours worked for that day. Ms. Armstrong requested a hearing concerning overpayment. At hearing Ms. Armstrong explained to HRM Tisdale that she should not be responsible for over payment (should be waived) due to Ms. Armstrong was denied to review her Time and Attendance file for that pay period and her daily assignment for that day stated correct hours,

40. Ms. Armstrong also stated to HRM Tisdale at the very least overpayment should be calculated with those days Ms. Armstrong was not paid for all her time at work which would still leave Agency owing Ms. Armstrong for unpaid wages, especially since Ms. Tisdale

already knew Ms. Armstrong was not paid for at least one of the numerous days she informed Management of non payment (ADR on November 23rd 2015)...yet HRM Tisdale refused to waive amount and stated Ms. Armstrong was responsible and would have to repay the full amount of overpayment for that pay period regardless if she was not paid all her time concerning pervious pay periods.

41. In January of 2017 Ms. Armstrong contacted S.E. Regional Human Resource Department and spoke with a Ms. Fletcher concerning overpayment and that she was being denied to review and sign her T&A files. Ms. Armstrong explained to Ms. Fletcher she requested an audit so that Agency's Official would correct and pay her for those days she was not paid all her time at work and the overall hostile work environment she's being subjected to at FCI Aliceville. Ms. Fletcher informed Ms. Armstrong to get with her local human resource department and did nothing concerning Ms. Armstrong reports of hostile work environment, being denied to review her Time and Attendance files to ensure accuracy, and unpaid wages.

42. On January 10, 2017 around 3:20 pm. Ms. Armstrong went inside the institution so she could vote for union officials. Captain Chandra Nelson entered the front lobby at the same time Ms. Armstrong was being cleared by the front lobby officer. After Ms. Armstrong was cleared she went directly to staff lodge to vote for union officials. After Ms. Armstrong had voted she went out to the patio area to talk with a staff member. While Ms. Armstrong was talking to staff member, Captain Chandra Nelson open the door to the staff lodge patio and looked directly at Ms. Armstrong and made the following statement; "Hey Ms. Armstrong you act like you can't speak!" "You act like I slept in your bed last night!" "I'm not sleeping with you!" "I'm not your mama!" she then closed the door and walked away. Ms Armstrong found these statements to be inappropriate, offensive, and sexual in nature. Ms. Armstrong was also extremely embarrassed due to Captain Nelson made statements in front of another co-worker.

43. On January 16, 2017 Ms. Armstrong mailed another letter to Office Inspector General to again report hostile work environment and sexually harassment by Captain Nelson which OIG responded and said they forward her information to Agency's Office of Internal

Affairs to investigate which Ms. never heard from Agency's OIA concerning incident.

44.  On January 16, 2017 Ms. Armstrong also mailed a copy of letter to Southeast Regional Office. Letter was addressed to the Regional Director in which Ms. Armstrong reported sexually harassment by Captain Chandra Nelson and to report hostile work environment she continuously being subject to at FCI Aliceville which letter was ignored by the Regional Director and/or Acting Regional Director of Federal Bureau of Prisons.

45.  On March 30, 2017 Ms. Armstrong was relieved from post to report to the Lt's Office to review evaluation. When Ms. Armstrong reviewed her evaluations she informed Lt. Simmons she did not agree with evaluation due to her not receiving her quarterly evaluations as required and also her yearly evaluation was not filled out (blank). Lt. Simmons did not want to discuss the matter with Ms. Armstrong and stated a refusal to sign will be noted if she did not sign quarterly evaluations and blank yearly evaluation.

46.  On April 26, 2017 Lt. Cash intentionally did not contact Ms. Armstrong for available morning watch overtime which Ms. Armstrong was number one (1) on the list. He instead asked another staff member working the same shift as Ms. Armstrong if they would work an additional 8 hours for an extra day off.

47.  On May 4, 2017 Ms. Armstrong requested a meeting with Patricia Bradley, who is currently the Warden of FCI Aliceville. Ms Armstrong requested a meeting with Warden concerning the constant hostile work environment she's being subject to at FCI Aliceville. Warden Bradley refused to meet Ms. Armstrong.

48.  On May 15, 2017 Ms. Armstrong was made aware by Union that Captain Nelson took roster rights away from all union stewards after Ms. Armstrong requested Union to checks dates for bypassed overtimes which dated back to March of 2017.

49.  On June 5, 2017 Ms. Armstrong notified Management she was not paid for two hours of overtime (May 18 meeting) and should be compensated for not being paid timely which was ignored.

50. On June 7, 2017 Ms. Armstrong informed Captain Nelson she was
    mandated two days in a row (June 6 and June 7) without noticed and
    without proper procedures being followed before mandating staff.
    Even after Ms. Armstrong informed Lt. Redd she was not feeling well
    and needed to go home…she still was not relieved from post and had
    to work an additional 6 hours and 45 minutes.

51. On June 8, 2017 Ms. Armstrong spoke with Lt. Hebb and inform she
    was not feeling well and would not be able to work her assigned post.
    After Ms. Armstrong informed Lt. Hebb she was not feeling well and
    would not be in, Lt. Hebb did not acknowledge and placed Ms.
    Armstrong on hold for over 9 minutes until phone call was
    disconnected.

52. On June 28, 2017 a meeting was scheduled for Ms. Armstrong to
    speak with both Captain Nelson and AW Zielenski concerning unfair
    treatment and harassment by Management which AW Zielenski
    refused to attend. Also Captain Nelson held meeting in the staff
    lounge with various staff members coming in and out.

53. On July 20 2017 Ms. Armstrong was not contacted for available DW
    overtime (Ms. Armstrong does not know which Agency's Officials
    skipped/bypassed due to Agency refusal to state name of Official
    and/or provide documentation).

54. On July 28, 2017 Ms Armstrong was made aware again that FCI
    Aliceville Management was not entering various staff members last
    overtime worked/offered into overtime roster program in order for
    their name not to drop below Ms. Armstrong (Ms. Armstrong does not
    know which Agency's Officials due to Agency refusal to state name
    of Official and/or provide documentation).

55. On August 24, 2017 Ms. Armstrong was made aware Management
    again inputted "EEO" on her daily assignment roster to once again
    inform non need-to-know staffs of Ms. Armstrong's protected
    activities (Ms. Armstrong does not know which Agency's Officials
    inputted "EEO" on her daily assignment roster due to Agency refusal
    to state name of Official and/or provide documentation).

14 of 16

56. On December 12, 13, 14 of 2017 Agency's again notated "EEO" on Ms. Armstrong's daily assignment(Ms. Armstrong does not know which Agency's Officials inputted "EEO" on her daily assignment roster due to Agency refusal to state name of Official and/or provide documentation).

57. From December 31, 2017 dating back to January 1st 2017 Agency's Official (Warden Washington-Adduci, Warden Bradley, HRM Kylie Tisdale, Captain Chandra Nelson T&A clerk Malcolm Barge, and T&A Mayo) denied Ms. Armstrong to review and sign her time and attendance files.

58. On February 3, 2018, Ms. Armstrong was bypassed/skipped for available overtime by Lt. Cash.

59. On February 28, 2018, Ms, Armstrong was again bypassed/skipped for available overtime by Lt. Redd.

60. On March 1, 2018, Ms. Armstrong was again mandated to work overtime without noticed and without Agency's Officials following the mandate procedures.

61. On April 24th 2018 Ms. Armstrong was admitted to the hospital by her doctor for emergency surgery caused by the prolonged unhealthy work environment and work stress which caused Ms. Armstrong's chronic medical condition to worsen.

62. On July 9th 2018 when Ms. Armstrong returned back to work from being out due to emergency surgery she was told by Medical Staff that Warden Bradley wanted her to take a urine test (knowing Ms. Armstrong possibly would have pain medication in her system due to surgery).

**WHEREFORE,** for the above stated reasons Ms. Armstrong ask this Court to

order the Defendant to cease and desist the ongoing retaliation/reprisal,

harassment, sexual harassment, and hostile work environment. Also to correct

defamatory verbal and written statements which injured her reputation. Ms.

Armstrong seeks the following relief:

**Count I** (Retaliation/Reprisal) 300,000.00
**Count II** (Harassment) 300,000.00
**Count II** (Sexual Harassment) 300,000.00
**Count IV** (Hostile Work Environment) 300,000.00
**Count V** (Prohibited Personnel Practices) 300,000.00
**Count VI** (Stigma Plus) 300,000.00, and

For a sum of 1,800,000.00 (300,000.00 each count), and also anything any

other relief Ms. Armstrong is entitled to.

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I
certify to the best of my knowledge, information, and belief that this
complaint: (1) is not being presented for an improper purpose, such as to
harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a non frivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions
have evidentiary support or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements
of Rule 11.

Rehsawn Armstrong (pro se)

1130 University Blvd. BG-620
Tuscaloosa, Alabama 35401
ra1111@ymail.com
(205) 861-5979

www.moneygram.com/moneyorder
for additional details regarding your Money Order
PLEASE READ REVERSE SIDE
DATE/AMOUNT

MoneyGram.

7781189264          12/17/2021
150    NN            $402.00

27249483064830                    01

7781189264|2|    EMPLOYEE
                 610 (6/18) 500/5000
                 M 6588039-B

▼    ▼DETACH HERE▼    ▼

16 of 16